HEIRS OF SIMPLICIO NAZARIO, Plaintiffs and Appellants, *v.* WORKMEN'S RELIEF COMMISSION OF PORTO RICO, Defendant and Appellee.

No. 4394. Argued April 25, 1928.—Decided April 26, 1929.

*López de Tord & Zayas Pizarro* for the appellants. *James R. Beverley, Attorney General,* and *J. A. López* and *Emilio de Aldrey, Assistant Attorneys General,* for the appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

Section 2 of the Workmen's Compensation Act, as amended in 1921, Session Laws, page 472, provides, among other things, that the said act "shall apply to every employer who employs any laborer or employee whose wages do not exceed the sum of fifteen hundred (1,500) dollars annually computed monthly."

The Workmen's Relief Commission rejected a claim for indemnity arising out of the death of an employee, upon the theory that he was receiving at the time of his death a salary in excess of the statutory limit. The district court concurred in this view and affirmed the decision of the commission.

Simplicio Nazario, the employee in question, was a traveling salesman. In 1920 he was receiving a salary of twenty-five dollars a week, out of which he was expected to pay all hotel bills. He traveled in an automobile belonging to his employers, who paid for the gasoline, new tires and other things connected with the upkeep of the car. The policy of

requiring traveling salesmen to meet their personal expenses out of their salaries was intended as a stimulus to economy.

Nazario lived in Ponce and turned over to his wife and family eighteen or twenty dollars a week out of his weekly stipend. Rising hotel rates made it impossible for him to meet his traveling expenses out of what remained. He took the matter up with his employers in July, 1920, and, because of the increase in the cost of hotel accommodations, the salary was raised to thirty dollars a week. A similar increase in the salary of at least one other employee was refused at the same time, on the ground that the other spent more time in Ponce and made shorter trips when out of town.

The evidence as a whole leaves no room for doubt that the increase in salary was intended to be in lieu of a *per diem*. The testimony on this point is uncontradicted and was not questioned by the trial judge.

The stumbling block in the court below was that the item of thirty dollars a week appears upon the books of the employer as a weekly salary, without a separate entry or other specific indication that any part thereof was intended to cover traveling expenses, that the witnesses uniformly speak of a salary and of an increase in salary, and that certain cases relied upon by counsel for the commission have held board and lodging, washing, the use of a uniform and perhaps house rent to be included in the term earnings or wages when made the basis for computation of the amount of compensation. But there is a decided difference between such matters and traveling expenses incurred in the regular course of the employer's business.

Board and lodging, washing, and house rent are a part of the ordinary cost of every day living, peculiarly personal to the employee. They represent an equivalent in money value received by him. They are not connected with the employer's business in any way essentially different from the payment of wages. Any increase in salary in lieu of any

of these things or based in a general way upon the increased cost of living would be none the less a part of the wages paid to such employees. In the case of a salaried salesman who is a married man with a home and family the difference between the cost of living at home and as a transient guest at hotels while on the road represents money expended in the ordinary course of the employer's business on his behalf and for his benefit rather than compensation for services rendered by the salesman. Salary is a periodical allowance made as compensation for services rendered or for regular work. Reimbursement for expenses incurred on behalf of the employer for his benefit and in the regular course of his business is neither salary nor wages, as that term is used in fixing a maximum by way of limitation upon the scope of the Workmen's Compensation Act. To hold otherwise would not be in keeping with the spirit and purpose of the law. The mere fact that the money received by Nazario was referred to by witnesses as salary, and that the total weekly amounts paid to him appeared upon the books of his employers as salary can not change the true character of any portion of the money so paid and received in lieu of *per diem* or as partial reimbursement for traveling expenses.

All the testimony points to the conclusion that the so-called increase in salary was a very conservative estimate of the additional expense incurred by Nazario while away from home. Certainly there is no reason to believe that he could have saved out of such increase enough to bring the compensation actually received for his services up to the statutory maximum.

The judgment appealed from must be reversed.

Mr. Justice Wolf dissented.

Mr. Chief Justice Del Toro and Mr. Justice Aldrey took no part in the decision of this case.